# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHWESTERN DIVISION

| | |
|---|---|
| EDDIE EDWARD MASTIN, | ) |
| Petitioner, | ) ) ) |
| v. | ) ) Case No.: 3:19-cv-30-MHH-GMB |
| PATRICE RICHIE, *et al.*, | ) ) ) |
| Respondents. | ) |

## **MEMORANDUM OPINION**

On November 30, 2020, the Magistrate Judge entered a report in which he recommended that the Court dismiss Mr. Eddie Edward Mastin's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 because the petition is untimely. (Doc. 14). The Magistrate Judge advised Mr. Mastin of his right to file specific written objections to the report within 14 days. (Doc. 14). On December 10, 2020, Mr. Mastin filed timely objections. (Doc. 15). On December 30, 2020, he supplemented his objections. (Doc. 16).

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district judge must "make a *de novo* determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* FED. R. CRIM. P. 59(b)(3) ("The district judge must consider *de novo* any objection to the magistrate judge's recommendation."). A

1

district court's obligation to "'make a de novo *determination* of those portions of the report or specified proposed findings or recommendations to which objection is made,'" 447 U.S. at 673 (quoting 28 U.S.C. § 636(b)(1)), requires a district judge to "'give *fresh consideration* to those issues to which specific objection has been made by a party,'" 447 U.S. at 675 (quoting House Report No. 94-1609, p. 3 (1976)).  *United States v. Raddatz*, 447 U.S. 667 (1980) (emphasis in *Raddatz*).

    Mr. Mastin's initial objections are somewhat difficult to decipher, but he appears to argue that he was denied due process. (Doc. 15, p. 2).  In his supplemental objections, Mr. Mastin describes facts that relate to his crime, explaining that his family had him admitted to a mental health facility in 1979, and he stayed at the facility through the spring and summer of that year.  (Doc. 16, p. 1).  After he was released, he and his mother visited a local mental health provider.  (Doc. 16, p. 1).  He began receiving disability benefits, and his family asked him to participate in a TVA trainee program because the program might allow him to qualify for additional benefits.  (Doc. 16, p. 2).  One day, while he was in his TVA class, he felt like hurting someone after he took his mental health medication.  (Doc. 16, pp. 2-3).  Mr. Mastin may have taken mental health medication that his mother used.  (Doc. 16, p. 3).

    These facts do not help Mr. Mastin overcome the one-year statute of limitation that bars his § 2254 habeas petition. (Doc. 14).  The facts do not enable Mr. Mastin to prove that he is factually innocent of the crime of murder for which he was convicted, and the facts do not allow him to toll the one-year statute of limitation.  (Doc. 14).

Having reviewed the materials in the Court's electronic docket, including the Magistrate Judge's report and recommendation and Mr. Mastin's objections, the Court adopts the report and accepts the Magistrate Judge's recommendation. By separate order, the Court will dismiss Mr. Mastin's habeas petition with prejudice because it is untimely under 28 U.S.C. § 2244(d)(1)(A).

A district court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). Mr. Mastin's claims do not satisfy either standard, so the Court will not issue a certificate of appealability. If he wishes to appeal, Mr. Mastin may request a certificate of appealability from the Eleventh Circuit Court of Appeals. *See* Rule 11(a) of the *Rules Governing Section 2254 Cases*.

**DONE** and **ORDERED** this June 14, 2021.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE